NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAMUGA M. WEMUSA, | Civil Action No. 19-20746 (CCC) |
| Plaintiff, | |
| v. | MEMORANDUM OPINION |
| HON. ROBERT KIRSCH, et al., | |
| Defendants. | |

**CECCHI, District Judge:**

This matter comes before the Court on the civil rights Complaint filed by Plaintiff Jamuga M. Wemusa ("Plaintiff") against two New Jersey Judges—Judge Robert Kirsch of the Superior Court, Law Division and Judge Jack Sabatino of the Appellate Division ("Defendants")—which was filed in this Court on or about November 22, 2019, pursuant to 42 U.S.C. § 1983. (ECF No. 1). Although Plaintiff did not pay the applicable filing fee, he filed an application to proceed *in forma pauperis*. (Document 2 attached to ECF No. 1). Because Plaintiff's application shows that he is entitled to proceed *in forma pauperis*, that application shall be granted.

Because Plaintiff will be granted *in forma pauperis* status, and because Plaintiff is a state prisoner, this Court is required to screen his Complaint pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Pursuant to these statutes, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) [or § 1915A] is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)."

*Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a . . . motion to dismiss does not need detailed factual allegations." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Papasan*, 478 U.S. at 286. Instead, assuming the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." *Id.* "Determining whether the allegations in a complaint are plausible is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* (citing Fed. R. Civ. P. 8(a)(2)). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in

their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

In his Complaint, Plaintiff alleges that Defendants denied him his right to Due Process by denying him jail credits during sentencing and on direct appeal to which he believes he is entitled. (ECF No. 1). In his Complaint, Plaintiff therefore seeks to hold Defendants liable for actions taken where Defendants were clearly acting within the scope of their duties as state court judges. Judges, however, are absolutely immune from suit for actions taken in their judicial capacity unless they are alleged to have acted "in the clear absence of all jurisdiction." *Kwasnik v. Leblon*, 228 F. App'x 238, 243 (3d Cir. 2007); *see also Mireles v. Waco*, 502 U.S. 9, 12 (1991). As Defendants were acting within the scope of their judicial duties and clearly had jurisdiction, they are absolutely immune from suit and Plaintiff's Complaint against them must be dismissed with prejudice for that reason.

Although the immunity of both Defendants is sufficient to warrant the dismissal of Plaintiff's Complaint, this Court also notes that Plaintiff's claims face a different problem—he seeks not only damages from the two judges, but also to have additional jail credits awarded to him, an action which would affect the duration of his current period of detention. Since the Supreme Court's decision in *Preiser v. Rodriguez*, 411 U.S. 475 (1973), it has been well established that a prisoner may not use a civil rights complaint as a means to collaterally attack or otherwise challenge the fact or duration of his criminal conviction or confinement. *See, e.g., Wilkinson v. Dotson*, 544 U.S. 74, 79 (2005) (a federal civil rights action "will not lie when a state prisoner challenges the fact or duration of his confinement" and a civil rights action cannot be used by a prisoner to seek either his "immediate release" or a "shortening" of his term of confinement). Claims which would impugn the legality of a Plaintiff's conviction or sentence, or would

necessarily result in a reduction in the duration of a Plaintiff's sentence, therefore cannot be brought pursuant to § 1983 unless and until that conviction or sentence has been properly challenged and either overturned or reduced via a state court post-conviction relief ("PCR") petition or a federal habeas corpus petition. Thus, even had Defendants not been immune from suit, Plaintiff's claims warrant dismissal unless and until he successfully challenges the duration of his sentence via a PCR petition or habeas petition. Nothing in this Court's dismissal of this matter with prejudice should be read to bar Plaintiff in any way from pursuing his right to file a state court PCR petition or federal habeas petition raising his jail credit claim in the future.

In conclusion, Plaintiff's application to proceed *in forma pauperis* (Document 2 attached to ECF No. 1) is **GRANTED**, and Plaintiff's Complaint (ECF No. 1) is **DISMISSED WITH PREJUDICE** as Defendants in this matter are absolutely immune from suit.

**Date**: June 23, 2021

CLAIRE C. CECCHI, U.S.D.J.